IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-84-BR

| | |
|---|---|
| JEANE GREGORY, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| J.A. HARRIS, J.C. GLASER, GCA LAW PARTNERS, M. AARON PERSKY, and THE STATE BAR OF CALIFORNIA, | ) |
| Defendants. | ) |

This matter is before the clerk on the pro se plaintiff's motion for entry of default [DE-32], wherein plaintiff seeks entry of default as to the State Bar of California.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that the State Bar of California has failed to answer or otherwise appear in this action in this court.

Plaintiff must also show, however, by affidavit or otherwise, that the State Bar of California was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); Pitts v. O'Geary, 914 F. Supp. 2d 729, 733 (E.D.N.C. 2012) ("Absent waiver of service of process or consent, the failure to obtain proper service of process deprives the court of

personal jurisdiction over a defendant."); <u>Henderson v. Los Angeles Cnty.</u>, No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); <u>see</u> <u>also</u> Fed. R. Civ. P. 12(a)(1)(A).  Here, plaintiff has filed a United States Postal Service tracking document showing delivery of unspecified documents to an individual in California on May 23, 2020, along with a certified mail receipt.

Service on a municipal corporation or state-created governmental organization may be perfected in one of two ways. <u>See</u> Fed. R. Civ. P. 4(j)(2).  First, a plaintiff may "deliver[ ] a copy of the summons and of the complaint to [the organization's] chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Second, a plaintiff can complete service "in the manner prescribed by the state's law for serving a summons or like process on such defendant." Fed. R. Civ. P. 4(j)(2)(B).  <u>Id</u>.  Plaintiff did not deliver a copy of the summons and complaint to the chief executive officer of the State Bar of California, so she must show that she made service under California law.

A public entity may be served with process under California law "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. P. Code § 416.50(a)  Alternatively, service may be effected "by leaving a copy of the summons and complaint during usual office hours" in the office of the person to be served under § 416.50(a) or, if no physical address is known, at his or her usual mailing address, and "by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  Cal. Civ. P. Code § 415.20.  Service may also be made by mailing a copy of the summons and complaint to the public entity with a notice and statutorily prescribed

2

acknowledgment of receipt.  See Cal. Civ. P. Code § 415.30(a)-(b).  Under this last method, service by mail is deemed to be complete "on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."  Id. § 415.30(c).

The record shows that plaintiff has failed to effect proper service under any of these methods.  She has not delivered the summons and complaint to anyone at the State Bar of California.  Although she has mailed documents to the address for the State Bar of California, there is no record of the signed acknowledgment required by § 415.30(c).  See Masters v. Becerra, Case No. CV 18-8656-MW (AGRx), 2019 WL 9050857, at *2 (C.D. Cal. Jan. 30, 2019) (denying motion for entry of default where plaintiff mailed the summons and complaint to California Office of Attorney General, but no signed acknowledgment was returned).  Without a signed acknowledgement, proper service has not been effected under § 415.30.

On this record, the clerk cannot find that plaintiff effected proper service on the State Bar of California.  Without being properly served, this defendant has no obligation to appear or answer in this action.  Accordingly, the motion for entry of default [DE-32] is DENIED.

The time for effecting service on this defendant has expired.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") Accordingly, Plaintiff is DIRECTED to file, within fourteen days of the filing date of this order, a motion to extend time the time to serve the summons and complaint under Rule 4(m).  The motion must show good cause for her failure to serve the State Bar of California.  **Plaintiff is notified**

3

**that the failure to file such a motion may result in the court's dismissal without prejudice of her claims against the State Bar of California.**

SO ORDERED. This the __2__ day of September, 2020.

                                                    _____
                                                  Peter A. Moore, Jr.
                                                  Clerk of Court