IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-84-BR

| | |
|---|---|
| JEANE GREGORY, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )   ORDER |
| | ) |
| JOEL A. HARRIS, et al., | ) |
|         Defendants. | ) |

This matter is before the court on the motions to dismiss of Judge M. Aaron Persky, (DE # 13); Joel A. Harris, (DE # 18); and GCA Law Partners LLP ("GCA"),[1] (DE # 24). Plaintiff, Jeane Gregory, filed responses to these motions. (DE ## 30, 31.) Also before the court is plaintiff's motion for summary judgment, (DE # 33), and her motion to transfer this action, (DE # 41). In response to her motion for summary judgment, GCA filed a motion to stay briefing and consideration of that motion until the resolution of the motions to dismiss. (DE # 36.)

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this lawsuit on 19 May 2020 against residents or entities "of California." (DE # 1, at 2.) She is a resident of North Carolina. (Id.) Plaintiff contends the court has jurisdiction based on diversity between the parties. (Id.)

Plaintiff's allegations appear to arise from the handling of her parents' estate. (Id. at 2–8.) She contends Harris, a California attorney, prepared a family trust for her parents, which named her as the "Sole Successor Trustee." (Id. at 3.) She also alleges she was the executor of her mother's will. (Id. at 4.) However, she alleges "California lawyers Glaser and Harris hid [her] mother's [will] away from the California [c]ourts, and only [seven days] after she passed

---

[1] Although plaintiff named "Small & Loeb, GCA Law Partners, LLC," the answering party asserts the correct name is "GCA Law Partners LLP." (See DE # 1, at 1; DE # 24, at 1.)

away . . . Harris named his criminal conspirator Glaser as 'Trustee' of her 'Family Trust!'" (Id. at 4.) She asserts that Harris and Glaser stole control of her mother's estate and that GCA "is creating a 'new Trust' to help Harris." (Id. at 6.) She contends Judge Persky "sign[ed] off on an illegal, invalid Trust." (Id. at 7.) Finally, she alleges the State Bar of California "is deceiving the California public and has been doing so for many years," based on her "numerous letters and emails" to the bar since 2009. (Id.)

## II. DISCUSSION

### A. Personal Jurisdiction

Harris, Judge Persky, and GCA all contend the court lacks personal jurisdiction over them. (DE # 18, at 1; DE # 13, at 1; DE # 24, at 1.) After a defendant properly challenges personal jurisdiction, the plaintiff bears the burden of establishing a ground for jurisdiction by a preponderance of the evidence. Taylor v. Bettis, 976 F. Supp. 2d 721, 748 (E.D.N.C. 2013) (quoting Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)). When considering a challenge to personal jurisdiction, the court construes all relevant allegations in the light most favorable to the plaintiff and draws inferences in favor of jurisdiction. Id. (quoting Combs, 886 F.2d at 676).

Personal "jurisdiction must be authorized by the long-arm statute of the forum state, and . . . must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (citation omitted). North Carolina's long-arm statute extends jurisdiction over nonresident defendants to the full extent permitted by the Fourteenth Amendment. Taylor, 976 F. Supp. 2d at 748 (quoting ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997)). Thus, in North Carolina these two requirements "collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not

2

offend 'traditional notions of fair play and substantial justice.'" Christian Sci. Bd., 259 F.3d at 215 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

Personal jurisdiction may be either general or specific. Cherry Tree Farms, LLC v. Runyan, No. 2:16-CV-60-D, 2016 U.S. Dist. LEXIS 176501, at *6 (E.D.N.C. Dec. 21, 2016). Over a nonresident defendant, a court may exercise general jurisdiction if that party "maintains 'continuous and systematic' contacts" with the forum state. Taylor, 976 F. Supp. 2d at 748 (citation omitted). Absent "continuous and systematic" contacts, "a court may assert [specific] jurisdiction only if the litigation arises out of the defendant's contacts with the form state." Id. (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984)). In determining whether there is specific jurisdiction, courts consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 302 (4th Cir. 2012) (citation omitted).

1. *General Jurisdiction*

Plaintiff alleges "all defendants are of California" and lists California addresses for each of them. (DE # 1, at 2.) With this assertion, all appearing defendants agree. This court previously found that neither Judge Persky nor GCA reside in, do or solicit business in, or have any meaningful connection to the State of North Carolina. Gregory v. Small & Loeb GCA Law Partners LLC, No. 4:19-CV-147, 2020 U.S. Dist. LEXIS 28957, at *5–6 (E.D.N.C. Feb. 20, 2020). This remains true. Plaintiff again fails to allege a single instance in which either of these defendants had contact with North Carolina or one of its residents. This court lacks general jurisdiction over Judge Persky and GCA.

3

Harris swears that he is a California lawyer, who "has never solicited business in the State of North Carolina," "maintain[s] no offices, agents or employees in the State of North Carolina, and conduct[s] no business activities in the State of North Carolina." (DE # 18-1, at 2.) He testifies he has never even visited North Carolina. (Id.) Harris, who represented the Sabado Trust in 2009–10, contends his only connection to the State of North Carolina is "the sending of Trust documents and forms to [plaintiff's] address in North Carolina." (Id.) Even viewing the evidence in her favor, plaintiff has failed to establish that Harris has continuous or systematic contacts with the State of North Carolina. This court lacks general jurisdiction over Harris.

2. *Specific Jurisdiction*

A court may exercise specific jurisdiction only if the cause of action arises from a defendant's purposeful contacts with the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation.'" Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1780 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Here, plaintiff's allegations relate to the California will, of a deceased California resident, drawn up by a California attorney, and the California courts' subsequent handling of that estate. (DE # 1, at 4–5.) Plaintiff does not allege any connection between this state and her underlying controversy. In fact, plaintiff does not allege any connection between the defendants and this state at all. Thus, she has failed to establish that Harris, Judge Persky, or GCA "purposefully availed itself of the privilege of conducting activities" in this state or that she was harmed by such activities, both of which are

4

required to establish specific jurisdiction. Tire Eng'g & Distrib., 682 F.3d at 302. As such, this court does not have specific jurisdiction over Harris, Judge Persky, or GCA.

This court lacks personal jurisdiction over those three defendants.

**B. Venue**

All appearing defendants also contend that venue is improper in this district. (DE # 16, at 1; DE # 20, at 8; DE # 27, at 9.) Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2011). If the court determines a case does not fall within one of these three categories, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." Atl. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 56 (2013).

Here, plaintiff has failed to establish that this case falls within any of the categories set forth in § 1391(b). First, plaintiff alleges "all defendants are of California." (DE # 1, at 2.) Second, as discussed above, plaintiff does not allege that any "events or omissions giving rise to the claim occurred" in North Carolina or that any related property exists in North Carolina. See 28 U.S.C. § 1391(b)(2). Rather, plaintiff's complaints surround the actions of California attorneys relating to her mother's California will. (DE # 1, at 4–5.) Thus, because all defendants appear to be "of California," venue of this action would be proper in a California district in which any defendant resides *or* in which a substantial part of the events occurred. See 28 U.S.C. § 1391(b)(1)-(2). Accordingly, plaintiff cannot establish venue in this district under § 1391(b)(3). Venue is improper in the Eastern District of North Carolina.

5

When a case is filed in an improper venue, the district court "'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Atl. Marine Constr. Co., 571 U.S. at 55 (quoting 28 U.S.C. § 1406(a)(1996)). Here, Harris, Judge Persky, and GCA urge the court to dismiss, rather than transfer, the action. (DE # 14, at 11; DE # 19, at 13–14; DE # 26, at 8.) First, these defendants contend plaintiff had notice that a suit against them could not lie here. (See DE # 19, at 15–16.) Second, defendants contend allowing plaintiff to repeatedly file actions in this court, over which the court has no jurisdiction, "inflicts additional, unnecessary harm" on them. (DE # 26, at 10.) Plaintiff, on the other hand, now moves to transfer this case under 28 U.S.C. § 1404. (DE # 41.) In her motion, she does not advance any interest in transferring the case rather than dismissing it.

The instant lawsuit is the third suit filed by plaintiff in the Eastern District of North Carolina against nonresident defendants, with no meaningful contacts in North Carolina. See Gregory v. Whitney, No. 4:19-CV-81, 2019 U.S. Dist. LEXIS 132065 (E.D.N.C. Aug. 7, 2019); Gregory, 2020 U.S. Dist. LEXIS 28957. On 7 August 2019, this court entered an order transferring plaintiff's first lawsuit to the United States District Court for the District of Arizona. Gregory, 2019 U.S. Dist. LEXIS 132065, at *11. In that order, the court explained that it lacked personal jurisdiction over nonresident defendants who had no contact with North Carolina, for events allegedly occurring outside of North Carolina. Id. at 8–10. Two months following the entry of that order, plaintiff filed her second action in this court, against nonresident defendants, relating to her mother's will. See Gregory, No. 4:19-CV-147, DE # 1. The court again explained that it lacked jurisdiction over nonresident defendants with no connection to North Carolina. Gregory, 2020 U.S. Dist. LEXIS 28957, at *6–7. The court also explained why it was an improper venue and this time, dismissed the action. Id. at 9–11.

6

Case 4:20-cv-00084-BR   Document 43   Filed 10/07/20   Page 6 of 9

As this court acknowledged previously, *pro se* parties may be accorded some leniency, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), but they remain obligated to comply with applicable rules and statutes, see Smith v. Healthcare Fin. Servs., No. 5:17-CV-370, 2018 U.S. Dist. LEXIS 5626, at *10 (E.D.N.C. Jan. 12, 2018) (citations omitted); see also Brody v. N.C. State Bd. of Elections, No. 3:10-CV-383, 2011 U.S. Dist. LEXIS 52520, at *11 (W.D.N.C. May 16, 2011) ("Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" (citation omitted)). Thus, for example, "[the] special consideration given to *pro se* plaintiffs may not apply where plaintiff has failed 'to adhere to readily comprehended court deadlines of which he was well-aware.'" Miller v. Peters, No. 1:98-CV-00542, 2000 U.S. Dist. LEXIS 10685, at *2 n.4 (M.D.N.C. Mar. 7, 2000) (quoting Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The Fourth Circuit has previously held that dismissal under § 1406(a) may be proper where "plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." Nichols v. G. D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993). While plaintiff here proceeds *pro se*, she has twice been advised that this court lacks jurisdiction over nonresident defendants with no contacts in North Carolina, and is an improper venue for claims against such defendants that likewise lack any connection to this state. See Gregory, 2019 U.S. Dist. LEXIS 132065, at *8–10; Gregory, 2020 U.S. Dist. LEXIS 28957, at *11. Despite the explanations provided as to why she cannot proceed against these defendants in this court, she continues in her efforts to litigate here. Given the notice and explanations provided to plaintiff, along with the harm in her repeatedly filing cases in this district over which this court has no jurisdiction, the interests of justice do not warrant transfer. Therefore, dismissal is proper pursuant to 28 U.S.C. § 1406(a) and her motion to transfer will be denied.

### C. California State Bar

On 30 June 2020, plaintiff filed a motion for entry of default as to the State Bar of California ("California Bar"). (DE # 32.) On 2 September 2020, the Clerk denied that motion, finding plaintiff had failed to properly serve the California Bar and explaining that the timeframe for doing so under Rule 4 of the Federal Rules of Civil Procedure had expired. (DE # 38, at 3.) Plaintiff was directed to file "a motion to extend time the time to serve the summons and complaint under Rule 4(m)[,]" and "show good cause for her failure to serve the State Bar of California." (Id.) She was advised that failure to do so within fourteen days "may result in the court's dismissal without prejudice of her claims against the State Bar of California." (Id. at 3–4.) In response, plaintiff submitted documents purporting to show that she "re-mailed" unspecified documents to Alan Steinbrecher, alleged Chair of the California Bar Board of Trustees. (DE # 39.) Setting aside the sufficiency of this purported service, plaintiff has failed to make a motion to extend the timeframe for service, as she was directed to do.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). Here, plaintiff was directed and failed to show good cause for her failure to serve the California Bar within 90 days of the complaint's filing. Because she was provided notice and opportunity to remedy this defect along with explanation of why her original proof of service was insufficient, plaintiff's action against the California Bar will be dismissed without prejudice.[2]

---

[2] It is also highly unlikely that the court has jurisdiction over the California Bar, for the same reasons it lacks jurisdiction over the other named defendants. Because the California Bar is not a resident of North Carolina and the

## III. CONCLUSION

For the reasons stated herein, Harris's, Judge Persky's, and GCA's motions to dismiss, (DE ## 13, 18, 24), are GRANTED, and plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE. Plaintiff's claims against the State Bar of California are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to transfer, (DE # 41), is DENIED. Because this court lacks personal jurisdiction over the appearing defendants and is an improper venue for this action, plaintiff's motion for summary judgment, (DE # 33), is DENIED as moot. GCA's motion to stay briefing, (DE # 36), is DENIED as moot.

This 7 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge

---

actions complained of against it did not occur in North Carolina, this court is also an improper venue in which to litigate these claims against it.